UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA DILORENZO,

                              Plaintiff,

        -against-

J. CREW GROUP, LLC, MICHAEL NICHOLSON,
and LIBBY WADLE, in their individual and
professional capacities,

                              Defendants.

---

Case No. 1:21-cv-10768 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Defendants J. Crew Group, LLC ("J. Crew"), Michael Nicholson ("Nicholson"), and

Libby Wadle ("Wadle") (collectively, "Defendants") move to confirm an arbitration award

(the "Award") entered in their favor by the Honorable John C. Lifland ("Arbitrator Lifland")

against Plaintiff Maria DiLorenzo ("DiLorenzo").  Dkt. 48.  For the following reasons,

Defendants' motion to confirm is GRANTED.

### BACKGROUND

J. Crew is a retail, apparel, and accessories company.  Dkts. 61-3 to 61-6 ("Tr.")

71:23-25.  DiLorenzo served as General Counsel of J. Crew from 2014 to November 2021,

and began working remotely in 2015.  Dkt. 61-9 at 3; Tr. 26:9-27:1, 322:20-327:12.

Nicholson served as J. Crew's Chief Operating Officer and became DiLorenzo's direct

supervisor in September 2020.  Tr. 210:19-21.  Wadle is a J. Crew executive and became

CEO of J. Crew in November 2020.  Tr. 446:17-22.

In June 2020, DiLorenzo began experiencing hearing loss and was diagnosed with

idiopathic sudden sensorineural hearing loss, or sudden deafness.  Tr. 190:2-193:4.  After

trying several unsuccessful treatments for this condition, she was prescribed a cochlear

implant, which required surgery.  Tr. 190:25-197:21.  Her surgery was scheduled for

November 23, 2020, and DiLorenzo then took paid time off ("PTO") for the week following

her surgery.  Tr. 215:19-216:18, 220:2-13.  In late summer or fall of 2021, Defendants made

the final decision to terminate DiLorenzo, although they contend, and the arbitrator found,

that her termination had been planned since at least late 2019.  Dkt. 50-3 ("Arb. Award") at 7-

8, 11.  On November 30, 2021, Nicholson informed DiLorenzo she was being terminated

from her position at J. Crew.  Tr. 323:21-326:16.

Following her termination, DiLorenzo filed the instant action on December 16, 2021,

asserting claims under the Family and Medical Leave Act ("FMLA"), the New York State

Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

*See generally* Dkt. 1 ("Compl.").  On March 31, 2022, the parties entered into a stipulation to

stay the action pending arbitration.  Dkt. 26.  The case was reassigned to the undersigned on

September 26, 2022.  Dkt. 27.  The parties proceeded to arbitration before JAMS and

mutually selected Arbitrator Lifland to conduct the arbitration.  Dkt. 49 ("Br.") at 1-2; *id.*

¶ 10.  Plaintiff filed a statement of claim asserting a breach of contract claim and claims under

the Americans with Disabilities Act of 1990 ("ADA"), in addition to her FMLA, NYSHRL,

and NYCHRL claims.  *See* Arb. Award at 1.  The parties engaged in extensive discovery,

document production, depositions, and briefing.  Br. ¶ 11.  A four-day hearing was conducted

before Arbitrator Lifland from April 23 to 26, 2024.  *Id.*  At the hearing, Arbitrator Lifland

heard testimony from eight witnesses and received documentary evidence from the parties.

*Id.*  The parties were represented by counsel, who presented opening statements, examined

witnesses, introduced documentary evidence, and were able to object to the admission of

evidence.  *Id.* ¶ 12.  The parties submitted post-hearing and reply briefs in June and July 2024.

*Id.* ¶ 13.

On October 4, 2024, Arbitrator Lifland issued an arbitration award addressing the issues raised by the parties. *See generally* Arb. Award. Arbitrator Lifland found that DiLorenzo's rights under the FMLA had not been interfered with because (1) she chose to take PTO and was not deterred from taking FMLA leave, and (2) all her requests for time off and to work remotely were granted. *Id.* at 2-4. He also rejected DiLorenzo's argument that work-related communications she received from Nicholson during her PTO, including an email assigning her a task to be completed after she returned to work, interfered with her rights under the FMLA. *Id.* at 5-6. Next, Arbitrator Lifland found in Defendants' favor on DiLorenzo's ADA discriminatory termination claim. *Id.* at 6-18. He reviewed the evidence and concluded that Defendants had provided a legitimate, nondiscriminatory reason for terminating DiLorenzo, namely, her shortcomings as General Counsel. *See id.* He considered and rejected DiLorenzo's arguments that the reasons given by Defendants were pretextual, reasoning that the evidence DiLorenzo presented about her supposedly exemplary performance did not establish pretext, particularly in light of the evidence supporting Defendants' claim that the termination decision was made before DiLorenzo's disability arose. *Id.* at 7-9, 17-18. Arbitrator Lifland also reviewed evidence regarding a July 2021 board meeting where DiLorenzo took notes and found that those events did not violate DiLorenzo's right to a reasonable accommodation or otherwise support a claim of disability discrimination. *Id.* at 18-21. Finally, Arbitrator Lifland concluded that DiLorenzo's termination was not retaliatory because the length of time between her exercise of protected rights and her termination weighed against an inference of retaliatory intent, and because there was an absence of any facts in the record otherwise suggesting retaliatory intent. *Id.* at 21-22. Arbitrator Lifland entered an award in favor of Defendants, finding that DiLorenzo "suffered no violation of her FMLA rights, whether by interference or retaliation, or her ADA rights,

the New York State Human Rights Law, the New York City Human Rights Law, or other

New York law." *Id.* at 25.  He denied DiLorenzo's request for attorneys' fees and costs, since

she was not the prevailing party in any respect. *Id.* at 26.

On October 23, 2024, Defendants moved to confirm the Award entered by Arbitrator

Lifland.  Dkt. 48.  Defendants submitted a memorandum of law and other supporting

documents.  *See* Br.; Dkt. 50; Dkts. 50-1 to 50-2; Arb. Award.  On November 22, 2024,

DiLorenzo submitted her opposition, including a declaration and several exhibits appended

thereto.  *See* Dkt. 58 ("Opp."); Dkt. 59; Dkts. 59-1 to 59-27.  On December 13, 2024,

Defendants submitted their reply and an affirmation with two exhibits attached thereto.  *See*

Dkt. 67 ("Reply"); Dkt. 68; Dkts. 68-1 to 68-2.  The motion is thus fully briefed.

### LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides that upon

application for an order confirming an arbitration award, "the court must grant such an order

unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this

title."  9 U.S.C. § 9.  In this Circuit, the "review of an arbitration award is . . . 'severely

limited,' so as not to frustrate 'the twin goals of arbitration, namely, settling disputes

efficiently and avoiding long and expensive litigation.'"  *Scandinavian Reinsurance Co. v.

Saint Paul Fire & Mar. Ins. Co.*, 668 F.3d 60, 71-72 (2d Cir. 2012) (first quoting *ReliaStar

Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009); and then quoting

*Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)).  "[T]he confirmation of an arbitration award

is a summary proceeding that merely makes what is already a final arbitration award a

judgment of the court."  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984);

*accord Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 731 F. Supp. 3d 531, 566 (S.D.N.Y.

2024).  "A district court must confirm an arbitration award unless the party seeking vacatur

establishes any of the limited exceptions listed in § 10(a) of the FAA." *Kolel Beth Yechiel*

*Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Hall*

*St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).  "Grounds for vacating an award

under section 10(a) are: 'corruption, fraud, or undue means in procurement of the award,

evident partiality or corruption in the arbitrators, specified misconduct on the arbitrators' part,

or "where the arbitrators exceeded their powers."'" *Jock v. Sterling Jewelers Inc.*, 646 F.3d

113, 121 (2d Cir. 2011) (quoting *Wall St. Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845,

848 (2d Cir. 1994)); *see* 9 U.S.C. § 10(a); *accord Sorial v. Robinhood Fin., LLC*, No. 24-cv-

02752 (JLR), 2024 WL 4893263, at *2 (S.D.N.Y. Nov. 25, 2024)).  The Second Circuit has

also recognized that a district court may vacate an arbitral award that exhibits a manifest

disregard of the law.  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110-11 (2d Cir. 2006));

*accord Caremark, L.L.C. v. N.Y. Cancer & Blood Specialists*, 740 F. Supp. 3d 340, 357

(S.D.N.Y. 2024).

## DISCUSSION

Defendants argue that the Award should be confirmed because it is final and binding

within the meaning of the FAA, and because there is no ground upon which the Court should

vacate, modify, or correct the Award.  Br. ¶¶ 22, 24.  DiLorenzo opposes the motion, arguing

that the Award should be vacated because it exhibits a manifest disregard of the law.  Opp. at

16-25.  Since the Award should be confirmed unless grounds for vacatur exist, the Court will

begin by addressing DiLorenzo's argument that the Arbitrator manifestly disregarded the law.

### I.    Manifest Disregard

DiLorenzo argues that Arbitrator Lifland acted in "manifest disregard" of the law in

four respects: (1) rejecting her FMLA interference claim because he wrongfully found she had

not given notice to Defendants of her intention to take FMLA leave; (2) rejecting her FMLA

interference claim because he disregarded evidence showing that Defendants "forced DiLorenzo to work" when she was on FMLA leave; (3) disregarding case law indicating that Defendants failed to accommodate DiLorenzo's disability; and (4) applying an incorrect legal standard to her retaliation claims. *See* Opp. at 16-25. The Court will discuss the arguments as to FMLA interference together before addressing the failure-to-accommodate and retaliation claims.

### A. Legal Standard

The Court's standard of review under the "judicially created doctrine" of manifest disregard of law "is 'severely limited.'" *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 208 (2d Cir. 2002) (Sotomayor, J.) (quoting *Gov't of India v. Cargill Inc.*, 867 F.2d 130, 133 (2d Cir. 1989)). This doctrine is one of "last resort," and arbitral awards are vacated on this ground "only in 'those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent.'" *Caremark*, 740 F. Supp. 3d at 357 (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003)). In order to establish manifest disregard for the law, DiLorenzo must prove (1) that the governing law was "well defined, explicit, and clearly applicable"; and (2) "that the arbitrator[] knew of the relevant legal principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 626 (2d Cir. 2021) (first quoting *Westerbeke*, 304 F.3d at 209; and then quoting *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 452 (2d Cir. 2001)); *accord MSV Synergy, LLC v. Shapiro*, No. 21-cv-07578 (ER), 2024 WL 4931868, at *9 (S.D.N.Y. Dec. 2, 2024). "To vacate the award, [the Court] must find 'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law.'" *Westerbeke*, 304 F.3d at 208 (quoting *Saxis S.S.*

6

*Co. v. Multifacs Int'l Traders, Inc.*, 375 F.2d 577, 582 (2d Cir. 1967)).  Indeed, the Second

Circuit has held that a court must "uphold a challenged award as long as the arbitrator offers a

barely colorable justification for the outcome reached." *ReliaStar*, 564 F.3d at 86 (internal

quotation marks omitted); *accord Ngo v. Oppenheimer & Co.*, 834 F. App'x 675, 676 (2d Cir.

2021) (summary order).

### B. FMLA Interference

DiLorenzo argues that Arbitrator Lifland manifestly disregarded the law when he

found that she had not given notice of her intention to take FMLA leave and concluded that

her FMLA rights were not interfered with during her PTO.  Opp. at 18-23.  The Court is

unpersuaded.

DiLorenzo "has failed to provide any support for her claims that the [Arbitrator] . . .

displayed a manifest disregard of the law," "[o]ther than disagreeing with the outcome."

*Bradley v. Merrill Lynch & Co.*, 344 F. App'x 689, 690-91 (2d Cir. 2009) (summary order).

Arbitrator Lifland identified and applied the correct legal principles governing DiLorenzo's

FMLA interference claim.  To prevail on a claim of FMLA interference, a plaintiff must

establish that (1) "she is an eligible employee under the FMLA," (2) "the defendant is an

employer as defined by the FMLA," (3) "she was entitled to take leave under the FMLA," (4)

"she gave notice to the defendant of her intention to take leave," and (5) she was either denied

benefits to which she was entitled under the FMLA, or her employer otherwise interfered with

her FMLA benefits.  *Graziado v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016); *see*

*Kemp v. Regeneron Pharms., Inc.*, 117 F.4th 63, 69 (2d Cir. 2024).  Arbitrator Lifland applied

these principles.  He found that DiLorenzo's FMLA rights were not interfered with because

she chose to take PTO, not FMLA leave, and was not dissuaded from taking advantage of the

FMLA by her supervisor's comments.  Arb. Award at 2-4.  He also found that even if

DiLorenzo had asked to take FMLA leave, there would have been no interference with her

FMLA benefits because she received all the paid time off that she requested, as well as other

accommodations. *Id.* at 4. Finally, he found that DiLorenzo's FMLA rights were not

interfered with when her supervisor, Nicholson, communicated with her during her PTO and

sent her a single "light lift" task to be completed the following week, once she had returned

from PTO. *Id.* at 5-6. Arbitrator Lifland's analysis demonstrates that there is far more than a

"barely colorable justification for the outcome reached," *Ngo*, 834 F. App'x at 676, and,

indeed, his conclusions are supported by decisions of courts in this Circuit. *See, e.g.*, *Reilly v.*

*Revlon, Inc.*, 620 F. Supp. 2d 524, 536-37 (S.D.N.Y. 2009) (finding that a few work-related

communications during FMLA leave did not amount to interference, in part because plaintiff

was not required to produce any work during her leave); *Kaye v. N.Y.C. Health & Hosps.*

*Corp.*, No. 18-cv-12137 (JPC), 2023 WL 2745556, at *22 (S.D.N.Y. Mar. 31, 2023)

(dismissing FMLA interference claim where plaintiff produced no evidence that she was

"ever denied a benefit to which she was entitled under the FMLA"). DiLorenzo may disagree

with Arbitrator Lifland's application of the law to the facts of her case and the outcome he

reached, but she has not established that he acted in manifest disregard of the law.

For these reasons, the Court finds that Arbitrator Lifland did not manifestly disregard

the law in resolving DiLorenzo's FMLA interference claim.

### C. Failure-to-Accommodate Claim

Next, DiLorenzo argues that Arbitrator Lifland manifestly disregarded the law when

he found that Defendants were not liable for a failure to accommodate. Opp. at 23-24.

Specifically, she argues that Defendants improperly denied her requested accommodation to

take PTO for four to six weeks after her surgery and denied the accommodation of a week of

PTO by "requiring" her to work during her leave. *Id.* The Court disagrees.

While Arbitrator Lifland dealt with these issues in the context of DiLorenzo's FMLA claims, *see* Arb. Award at 3-6, he did not directly address them when analyzing DiLorenzo's ADA claim, *see id.* at 6-18. When an arbitrator does not explain the rationale for his decision, a court will look to the record to determine if a ground for the arbitrator's decision can be inferred from the facts of the case. *See Whelan Advisory Cap. Mkts., LLC v. HomeSource Operations, LLC*, No. 24-cv-00207 (DEH), 2024 WL 4149851, at *5 (S.D.N.Y. Sept. 10, 2024) (explaining that an arbitrator's "award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case" (quoting *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 379 (2d Cir. 2023))). To establish a failure-to-accommodate claim, a plaintiff must show, among other things, that her employer refused to make a reasonable accommodation. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96-97 (2d Cir. 2009) (listing elements of *prima facie* case). It is clear from the facts above that in resolving DiLorenzo's FMLA interference claim, Arbitrator Lifland analyzed the record and concluded that Defendants granted every accommodation DiLorenzo requested, including requests to work remotely and to take leave for her surgery. *See* Arb. Award at 4. He also found that Defendants did not require DiLorenzo to work during her one-week PTO and that Defendants never denied a request for four to six weeks of PTO — indeed, DiLorenzo's testimony at the arbitration hearing revealed that Defendants never told DiLorenzo that she could take not four to six weeks off to recover from her surgery. *See id.* at 5-6, 10; Tr. 207:10-208:18. Though Arbitrator Lifland did not directly address these items in the context of a failure-to-accommodate claim under the ADA, the Court can infer "a ground for [his] decision . . . from the facts of the case." *Whelan*, 2024 WL 4149851, at *6.

DiLorenzo has not cited any case indicating that Arbitrator Lifland exhibited manifest disregard of the law when he found that Defendants granted all her requested

accommodations.  *See Katz v. Cellco P'ship*, No. 12-cv-09193 (VB), 2018 WL 1891145, at *5

(S.D.N.Y. Apr. 17, 2018) ("An arbitrator does not intentionally defy the law, and thereby

manifestly disregard the law, when a party fails to identify 'authority clearly on point that

expressly rejects' the possible rationales for the arbitrator's decision." (quoting *GMAC Real*

*Est.*, *LLC v. Fialkiewicz*, 506 F. App'x 91, 93 (2d Cir. 2012) (summary order))), *aff'd*, 756 F.

App'x 103 (2d Cir. 2019) (summary order).  Instead, she cites to cases that establish the

general principles that employers must make reasonable accommodations for an employee's

disability and that the employer has the burden of proving undue hardship.  *See* Opp. at 23.

She does not explain how Arbitrator Lifland's decision manifestly disregarded those

principles, and instead asserts that Defendants "plainly failed to accommodate DiLorenzo's

disability."  *Id.* at 24.  The Court declines what is essentially an invitation to revisit the record

and reweigh the evidence.  *See Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589

(2d Cir. 2016) (finding that the fact that evidence could have supported a conclusion contrary

to the one reached by the arbitrator "[did] not show that the [arbitration] panel . . . manifestly

disregarded the law").  While DiLorenzo may disagree with Arbitrator Lifland's conclusion

that Defendants did not refuse to make a reasonable accommodation, her arguments do not

establish that Arbitrator Lifland displayed a manifest disregard of the law.  Arbitrator Lifland

offered well more than a "barely colorable" justification for his resolution of the failure-to-

accommodate claim, and the Court will not vacate the Award on this ground.

### D. Retaliation Claim

Finally, DiLorenzo argues that Arbitrator Lifland exhibited manifest disregard for the

law by applying the wrong standard to her retaliation claims.  Specifically, she argues that

Arbitrator Lifland required her to prove that the "asserted reasons for her termination were

totally lacking in substance" to establish her retaliation claims.  Opp. at 24-25.  DiLorenzo

misconstrues Arbitrator Lifland's reasoning.  In analyzing DiLorenzo's ADA discrimination

claim — not her retaliation claims — Arbitrator Lifland explained that DiLorenzo "might"

establish the third prong of the *McDonnell Douglas* test "[i]f [DiLorenzo] showed that

[Defendants'] asserted reasons for her termination were totally lacking in substance."  Arb.

Award at 7.  Arbitrator Lifland did not apply this analysis to DiLorenzo's retaliation claims.

Instead, Arbitrator Lifland applied the governing law to the facts in the record and concluded

that "[t]he lack of temporal proximity, coupled with the absence of any facts suggesting

retaliatory intent during the almost year-long period between [DiLorenzo's] PTO leave and

her termination, compel a conclusion that retaliatory intent did not exist."  *Id.* at 22.  There is

ample support for Arbitrator Lifland's decision to find in favor of Defendants on these bases.

It therefore cannot be said that Arbitrator Lifland's application of the law to the facts of this

case constitutes manifest disregard of the law.

## II.    Motion to Confirm

"An arbitration award should be confirmed 'unless the award is vacated, modified, or

corrected.'"  *Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC*, No. 23-

cv-03334 (JLR), 2023 WL 7327140, at *7 (S.D.N.Y. Nov. 7, 2023) (quoting *Bogar v.

Ameriprise Fin. Servs., Inc.*, No. 16-cv-07199 (GHW), 2017 WL 1745566, at *4 (S.D.N.Y.

May 4, 2017)).  The Court has rejected DiLorenzo's argument that the Award exhibited

manifest disregard of the law.  In addition, the Court has reviewed the record, and finds no

indication that the Award was procured by corruption, fraud, or impropriety.  *See* 9 U.S.C.

§ 9.  "Because there is no basis to vacate the award," Defendants' "motion to confirm the

award is granted."  *Shenzhen Zongheng*, 2023 WL 7327140, at *7.

## CONCLUSION

Accordingly, the Court GRANTS Defendants' motion to confirm the Award.

DiLorenzo's Complaint is DISMISSED with prejudice.  The Clerk of Court is respectfully

directed to terminate the motion at Dkt. 48 and close the case.

Dated:  March 10, 2025
        New York, New York

SO ORDERED.

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge